Margaret **POZORSKI**, on behalf of herself and all other employees similarly situated, Plaintiff,

v.

**ALLEN–BRADLEY COMPANY**, a Wisconsin corporation, Defendant.

No. 72–C–233.

United States District Court, E. D. Wisconsin.

June 27, 1974.

---

\* \* \* \* \*

Venue.

Podell & Ugent by Sidney Podell, Milwaukee, Wis., for plaintiff.

Quarles & Brady by Lawrence E. Gooding, Jr., Milwaukee, Wis., for defendant.

### DECISION and ORDER

MYRON L. GORDON, District Judge.

In this action seven female workers charge that their employer violated the equal pay provisions of the Fair Labor Standards Act. A bench trial was held with the issues limited, by stipulation, to liability.

Prior to March 1969, both men and women were classed as "Electrical Testers (production line)." This rating had three classifications under its job description known as A, B, and C. Each of the latter classifications carried with it a different pay schedule.

Commencing in March 1969, the female employees who had been previously classified as "Electrical Testers (production line)" were given a new classification known as "Small Control Testers." The latter classification had but one class and, accordingly, one rate of pay. The defendant concedes that there is comparability and similarity between the jobs of "Electrical Testers (production line)" and "Small Control Testers" but vigorously urges that the job performance of the two positions is substantially unequal.

The court heard the testimony of numerous employees, both male and female; in addition, several supervisory employees gave testimony. The evidence has persuaded me that the new classification of "Small Control Testers" restricts women to a lower wage schedule, even though they continue to do the same work which they had previously done as "Electrical Testers (production line)" and even though the work done by men in the job known as "Electrical Testers (production line)" is substantially the same as that done by women as "Small Control Testers."

The record does not support the defendant's contention that the women's classification results from their lack of educational qualifications. Cf. Griggs v. Duke Power Co., 401 U.S. 424, 91 S.Ct. 849, 28 L.Ed.2d 158 (1971). There was no evidence to suggest that educational or intellectual capacity played an implicit role in the testing work performed in these jobs. There was no adequate proof that ability to read blueprints or to carry out other engineering competences were a requisite part of these employees' duties. I am also persuaded that the amount of physical strength required in the several job classifications

under consideration is not so divergent as to warrant a pay differential.

 I conclude therefore that the defendant has engaged in a pattern of discrimination which is based upon sex and is in violation of the equal pay act of 1963. 29 U.S.C. § 206(d)(1). I am also satisfied that plaintiffs are entitled to liquidated damages. Further, I am obliged to find upon the present record that the defendant did not act in good faith. Since the issue as to the amount of damages has been reserved for subsequent disposition, the instant order will not purport to resolve the details of the damages issue.

Therefore, it is ordered that the plaintiffs are entitled to judgment for the defendant's violation of 29 U.S.C. § 206(d)(1) in its dealings with each of the plaintiffs.

It is also ordered that the plaintiffs are entitled not only to actual damages but also to liquidated damages by reason of the defendant's wilful conduct, both of such items of damages to be resolved in further proceedings.